IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00022-BNB

HOOVER REYNOLDS,

     Plaintiff,

v.

H. MICHAEL LUCKENBAUGH,
CLEMENT P. ENGLE,
EL PASO COUNTY COURT OF COLORADO, and
THE STATE OF COLORADO OFFICE OF THE ATTORNEY GENERAL,

     Defendants.

---

## ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

---

     Plaintiff, Hoover Reynolds, is a prisoner incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama.  Mr. Reynolds initiated this action by filing *pro se* a Prisoner Complaint claiming that his rights under the United States Constitution have been violated and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  On January 10, 2012, Magistrate Judge Boyd N. Boland entered an order granting Mr. Reynolds leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  On January 12, 2012, after it became apparent that Mr. Reynolds may be subject to the filing restriction in § 1915(g), Magistrate Judge Boland ordered Mr. Reynolds to show cause why the order granting leave to proceed *in forma pauperis* should not be vacated and why he should not be denied leave to proceed *in forma pauperis*.  On February 17, 2012, Mr. Reynolds filed a response to Magistrate Judge Boland's show cause order.  For the reasons discussed below, the order granting leave

to proceed *in forma pauperis* will be vacated, leave to proceed *in forma pauperis* will be

denied, and Mr. Reynolds will be directed to pay the $350.00 filing fee if he wishes to

pursue his claims in this action.

Mr. Reynolds seeks leave to proceed in this action without prepayment of fees or

security therefor pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  In

relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

Magistrate Judge Boland initially noted that, in order to apply the filing restriction

in § 1915(g), the Court may take judicial notice of its own records as well as the records

of other courts, *see Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996), and that the

court may count actions dismissed prior to the enactment of § 1915(g), *see id.* at 420.

Magistrate Judge Boland also determined that Mr. Reynolds has initiated at least three

actions in a court of the United States while he was incarcerated or detained in any

facility that were dismissed for failure to state a claim.  *See Reynolds v. Wilson*, No. 01-

14868-I (11th Cir. Dec. 3, 2001) (dismissing appeal as frivolous pursuant to §

1915(e)(2)(B)(i)); *Reynolds v. Bodiford*, No. 95-cv-00829-AH-S (S.D. Ala. Feb. 14,

1996) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)); *Reynolds v. City of*

*Montgomery*, No. 93-cv-00388-ID-JLC (M.D. Ala. May 27, 1993) (dismissed pursuant to

2

28 U.S.C. § 1915(d)); *see also Reynolds v. Culliver*, No. 05-cv-0046-CG-M, 2006 WL 2402314 (S.D. Ala. Aug. 16, 2006) (dismissing case pursuant to 28 U.S.C. § 1915(g) and listing strikes).  Finally, although Mr. Reynolds alleged he is in imminent danger of serious physical injury because he is "[b]eing assaulted for this alleged crime" (ECF No. 2 at 2), Magistrate Judge Boland concluded this vague allegation was not sufficient to demonstrate imminent danger of serious physical injury for the purposes of § 1915(g). *See White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998).

        Mr. Reynolds argues in his response to Magistrate Judge Boland's show cause order that he is not subject to the filing restriction in § 1915(g) because he did not file either *Reynolds v. Culliver*, No. 05-cv-0046-CG-M, 2006 WL 2402314 (S.D. Ala. Aug. 16, 2006), or *Reynolds v. Bodiford*, No. 95-cv-00829-AH-S (S.D. Ala. Feb. 14, 1996). With respect to *Reynolds v. Culliver*, No. 05-cv-0046-CG-M, 2006 WL 2402314 (S.D. Ala. Aug. 16, 2006), that case was not counted as one of the three prior strikes. However, the Southern District of Alabama in *Reynolds v. Culliver*, No. 05-cv-0046-CG-M, 2006 WL 2402314 (S.D. Ala. Aug. 16, 2006), does list as strikes the same three cases identified by Magistrate Judge Boland, and Mr. Reynolds does not dispute that he filed at least two of those cases.  With respect to *Reynolds v. Bodiford*, No. 95-cv-00829-AH-S (S.D. Ala. Feb. 14, 1996), which Magistrate Judge Boland did list as a strike, the Court notes that the docketing records for that case available through Public Access to Court Electronic Records (PACER) indicate the case was filed by Hoover Reynolds, inmate number 133254, with a listed address of 100 Warrior Lane, Bessemer, Alabama.  That is the same inmate number and the same address Mr. Reynolds has provided to the Court in this action.  Therefore, the Court finds that Mr.

3

Reynolds has three or more prior dismissals that subject him to the filing restriction in §
1915(g).

"There is only one exception to the prepayment requirement in § 1915(g)" and a
prisoner with three or more strikes who seeks to fall within that exception must "make
specific, credible allegations of imminent danger of serious physical harm." *Hafed v.
Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (internal quotation marks
omitted). However, vague and conclusory assertions of harm will not satisfy the
imminent danger requirement of § 1915(g). *See White,* 157 F.3d at 1231. Furthermore,
allegations of past injury or harm are not sufficient. *See Fuller v. Wilcox*, 288 F. App'x
509, 511 (10th Cir. 2008). "Every circuit to have decided the issue so far has concluded
that the statute's use of the present tense shows that a prisoner must have alleged an
imminent danger at the time he filed his complaint." *Hafed*, 635 F.3d at 1179 (collecting
cases).

Mr. Reynolds also argues in his response to Magistrate Judge Boland's show
cause order that he should be allowed to proceed *in forma pauperis* because he is in
imminent danger of serious physical injury. He specifically alleges that he has "been
assaulted on several occasions, jaw broken in two places, head burst on two occasions
and eyes injur[ed] due to the alleged Colorado convictions of being a sex offender as a
rap[ist]. . . . Plaintiff['s] life is likely to be taken without delay." (ECF No. 6 at 3.) In
support of these allegations Mr. Reynolds refers to an attached exhibit titled "Alabama
Department of Corrections Inmate Summary as of 10/11/2011" (*see* ECF No. 6 at 6-9),
that lists disciplinary offenses for Mr. Reynolds from 1983 through October 11, 2011.

The Court does not agree that Mr. Reynolds' mere involvement in a number of

prison disciplinary offenses demonstrates imminent danger of serious physical injury.  In addition, the disciplinary offenses in which Mr. Reynolds was involved prior to October 11, 2011, do not demonstrate he is in imminent danger of serious physical injury at the time the instant action was filed in January 2012.  Finally, even if Mr. Reynolds was in imminent danger of serious physical injury at the time the instant action was filed because he has been involved in a number of disciplinary offenses, the Court finds that he is not in imminent danger of serious physical injury with respect to his claims against Defendants in this action because the claims Mr. Reynolds asserts against Defendants arise out of actions allegedly taken in 1988.  (*See* ECF No. 1 at 7.)

Therefore, the Court finds that § 1915(g) precludes Mr. Reynolds from proceeding *in forma pauperis* in this action.  The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 will be denied.  If Mr. Reynolds wishes to pursue his claims in this action, he must pay the $350.00 filing fee pursuant to 28 U.S.C. § 1914(a).  Accordingly, it is

ORDERED the Order Granting 28 U.S.C. § 1915 Motion Without Payment of Initial Partial Filing Fee (ECF No. 4) is vacated.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2) is denied.  It is

FURTHER ORDERED that Mr. Reynolds shall have thirty (30) days from the date of this order to pay the entire $350.00 filing fee if he wishes to pursue his claims in this action.  It is

FURTHER ORDERED that if Mr. Reynolds fails to pay the entire $350.00 filing fee within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this __23rd__ day of ____February____, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court